UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LUISA FERNANDA CALLE MONSALVE**<br>    **Plaintiff,** | § § § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-58 |
| | § | |
| **CMG FINANCIAL, A DIVISION OF CMG MORTGAGE, INC.** | § § | |
|     **Defendant.** | § § | |

## NOTICE OF REMOVAL

Defendant, CMG MORTGAGE, INC. dba CMG FINANCIAL ("Defendant"), misidentified as "CMG Financial, A Division of CMG Mortgage, Inc.," hereby removes the state court action described below to this Court pursuant to 28 USC §§ 1332, 1441, and 1446.

## BACKGROUND

1. On February 17, 2021, Plaintiff Luisa Fernanda Calle Monsalve ("Plaintiff") filed suit against Defendant in County Court at Law, later transferred to the 250th Judicial District Court of El Paso County, Texas, styled *Luisa Fernanda Calle Monsalve v. CMG Financial, A Division of CMG Mortgage, Inc.*, bearing Cause No. 2021DCV0568 (the "State Court Action").

2. Defendant was served with process on March 1, 2021. This removal is timely because this Notice is being filed within 30 days of service on Defendant.[1]

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

3. This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original

---

[1] *See* 28 U.S.C. 1446.

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."[2]

### A. The Parties Are Diverse

4.  The Complaint alleges that Plaintiff is a citizen of Texas based on Plaintiff's domicile, as Plaintiff resides in Texas.[3]

5.  For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.[4]

6.  CMG Mortgage, Inc. is a California corporation with a principal place of business in San Ramon, California. Therefore, Defendant is not a citizen of the State of Texas.

7.  As such, there is complete diversity of citizenship between the parties.

### B. The Amount in Controversy Exceeds $75,000

8.  The amount in controversy with respect to Plaintiff's claims exceeds $75,000.[5]

9.  Here, Plaintiff has affirmatively pleaded damages between $200,000 and $1,000,000.[6]

10. Additionally, the Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either one of two ways: (1) by demonstrating that is it "facially apparent" from the petition that the claim likely exceeds $75,000; or (2) by setting forth facts that support the requisite finding.[7] In this context, district courts are permitted

---

[2] 28 U.S.C. § 1332(a)(1).
[3] *See Complaint* ¶ 6; *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").
[4] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).
[5] *See* U.S.C. § 1332(a) and *Complaint* ¶ 9.
[6] *See Complaint* ¶ 5.
[7] *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

to conduct a "reasonable and common-sense analysis of the allegations in the plaintiff's petition."[8]

11.     Among other claims, Plaintiff seeks an injunction to prevent a foreclosure sale.[9] When a borrower seeks an injunction to prevent the foreclosure sale of a property, then the ***amount in controversy is the value of the property*** at issue.  As the Fifth Circuit has routinely held,

> In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Lenders], establishes the properties as the object of the present litigation. As this court has explained, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. Borrowers' claimed injury was the potential loss of use and ownership of the properties.  In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; ***the value of that property represents the amount in controversy***.[10]

Even when the borrower asserts a lesser amount in controversy than the value of the property, the actual amount in controversy when a borrower sues to obtain an injunction to prevent foreclosure is the value of the property to be sold.[11]  In this case, Plaintiff seeks an injunction to prevent the sale of a property valued at $125,776.00.[12]  The amount in controversy for the application for injunctive relief is at least $125,776.00 and far exceeds the minimum threshold for removal.

---

[8] *Mosely v. Wal–Mart Stores Texas LLC,* 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) ("this is one of those cases where the application of common sense and logic must prevail; otherwise an absurd result occurs"); *Allen,* 63 F.3d 1335 ("common sense" may guide a court's analysis).
[9] *Complaint* ¶ 47-66.
[10] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (internal quotations omitted) (emphasis added).
[11] *Buttelman v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00654-XR, 2011 WL 5155919, at *3–4 (W.D. Tex. Oct. 28, 2011).
[12] *See* El Paso County Tax Appraisal attached as "**Exhibit D.**"  It is appropriate for the Court to take judicial notice of the El Paso County Tax Appraisal because it is a public record and the information it provide is readily ascertainable and relevant to the matter at hand.  *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

## **VENUE**

12. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

## **NOTICE**

13. Defendant has provided written notice of the filing of this Notice of Removal to all parties in this action and are filing a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. §1446(d).

## **DOCUMENTS INCLUDED IN NOTICE OF REMOVAL**

14. Pursuant to the Federal Rules of Civil Procedure, the following documents are attached to this Notice.

**Exhibit A – Index of Matters Being Filed**

**Exhibit B – Index of State Court File**

**Exhibit C – List of Counsel of Record**

**Exhibit D – El Paso County Appraisal District Record**

WHEREFORE, PREMISES CONSIDERED, Defendant CMG Mortgage, Inc. dba CMG Financial prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court for El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

HUSCH BLACKWELL, LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT
CMG MORTGAGE, INC. dba CMG FINANCIAL

OF COUNSEL

HUSCH BLACKWELL, LLP
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served upon the following on this the 10th day of March 2021:

Michael R. Nevarez    **_Via Facsimile: 915-584-8024_**
THE NEVAREZ LAW FIRM
P.O. Box 12247
El Paso, Texas 79913
*Counsel for Plaintiff*

By: */s/ Sabrina A. Neff*
Sabrina A. Neff

HB: 4818-9628-6175.1